```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

**CHARKOMA RESOURCES, LLC,**
**HARL SCHOEPPE, AND**
**CHARLES E. STILL**                                            **PLAINTIFFS**

       **v.**            **Civil No. 09-02118**

**JB ENERGY EXPLORATIONS, LLC,**
**KEELER INVESTMENT GROUP, LLC,**
**BRUCE KEELER, AND**
**ELAINE KEELER**                                                **DEFENDANTS**

## O R D E R

NOW on this 19th day of October 2009, comes on for consideration Plaintiffs' **Motion to Remand, or Alternatively, Motion for Entry of Default** (document #6), **Motion to Strike Answer** (document #8), and Defendants' responses in opposition thereto (documents #12 and 14, respectively). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

    1. Plaintiffs Charkoma Resources, LLC ("Charkoma"), Harl Schoeppe, and Charles Still (collectively "Plaintiffs") commenced this lawsuit in the Circuit Court of Sebastian County, Arkansas on August 17, 2009 against Defendants JB Energy Explorations, LLC ("JB Energy"), Keeler Investment Group, LLC, Bruce Keeler, and Elaine Keeler (collectively "Defendants"). In the complaint, Plaintiffs

allege that JB Energy breached an Asset Purchase Agreement (the "Agreement"), which pertains to the sale of certain oil and gas leases.  More specifically, Plaintiffs say that JB Energy, as the seller of said leases, made certain warranties to Charkoma, as the buyer, which have not been satisfied.  As a result, Plaintiffs now claim that the Agreement is void and should be rescinded.

Plaintiffs further say that defendants Bruce Keeler and Elaine Keeler, common members of both JB Energy and Keeler Investments, have caused the legal status of JB Energy to be dissolved or have allowed it to lapse.  Plaintiffs allege that the assets and funds of JB Energy have been acquired by Keeler Investments, Bruce Keeler, and Elaine Keeler.  Accordingly, Plaintiffs say that the Court should impose a constructive trust for all property, funds, or other assets, obtained by these defendants, to prevent them from enjoying the beneficial interests of the assets/funds acquired from JB Energy as a result of the Agreement.

2.  On September 24, 2009, Defendants removed the instant matter to this Court, asserting that federal jurisdiction exists pursuant to 28 U.S.C. §§ 1332 and 1441 -- diversity jurisdiction.

3.  Plaintiffs now move this Court to remand the lawsuit, alleging that there is no basis for diversity jurisdiction -- specifically contending that the requisite amount in controversy is not satisfied here and that Defendants did not timely remove this matter as required under 28 U.S.C. § 1446(b).

Alternatively, Plaintiffs say that Defendants failed to timely file their responsive pleading within 30 days, and, as a result, their answer should be stricken and default judgment entered for Plaintiffs.

In response, Defendants say that because service has not been perfected in this matter -- as Plaintiffs served defective summonses -- it cannot be the case that either the notice of removal or the answer were untimely filed.  Moreover, Defendants say that by the very terms of the disputed Agreement, the amount in controversy is well above the $75,000 minimum.

4.  The Court will first consider the issue of whether the federal diversity jurisdiction amount in controversy is satisfied here.

An action between diverse parties may be brought in federal court when the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

The party seeking to invoke the jurisdiction of the federal courts has the burden of proving the existence of such jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 56 S.Ct. 780, 785 (1936).  Thus, in removal cases the burden is on the defendant and all doubts are to be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  As a general matter, a removing defendant has a more onerous burden to establish the requisite

amount in controversy than does a plaintiff who initially files a case in federal court. See Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) (where plaintiff files suit in federal court, the court has jurisdiction unless, as a matter of law, the plaintiff could not recover more than $75,000).

While a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, a court will not assume the claimed amount is the actual amount in controversy if the court questions whether the sum alleged is legitimate -- for then "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." State of Missouri ex rel. Pemiscot County v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995).  This rule applies in a removed case where the party invoking jurisdiction is the defendant. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); In re Minn. Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2005) (applying the rule in a removed case).

5.  In the instant case, it appears that Plaintiffs' claim for rescission of the Agreement is worth well in excess of $75,000. According to the complaint, "Defendants should be required to refund ... all payments which [Plaintiffs] have made pursuant to the terms of the Agreement, and all remaining payments and responsibility for any remaining payments should be declared null

and void." Doc. 3 at 5.  The complaint further states that Charkoma paid $500,000 concurrently with the execution of the Agreement and $300,000 in the form of a Promissory Note dated May 1, 2006. Rescission of the Agreement, therefore, entails damages of up to $800,000.  Thus, the Court is satisfied that the amount in controversy is sufficient to meet federal jurisdictional requirements.

6.  Plaintiffs next argue that remand is proper here because Defendants failed to remove this matter within 30 days of receipt of the summons and complaint herein.  More specifically, Plaintiffs note that Defendants were served on August 24, 2009, but did not file their notice of removal until 31 days later -- on September 24, 2009.  As a result, Plaintiffs say that this matter was not timely removed under 28 U.S.C. § 1446, which provides that notice of removal should be,

> filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b).

In response, Defendants say that because the summonses received by them on August 24, 2009 did not comply with Arkansas Rule of Civil Procedure 4, as to the form of such summonses, they were not properly served and, thus, removal cannot be untimely.

7.  In assessing the sufficiency of service in this matter, the Court turns to Arkansas law -- as service of process occurred

-5-

prior to removal. Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998). In Arkansas, it is well-settled that statutory service requirements must be strictly construed and compliance with them must be exact. Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 120 S.W.3d 525 (Ark. 2003). That is, the technical requirements of a summons set forth in Arkansas Rule of Civil Procedure 4(b) must be construed strictly and compliance with those requirements must be exact. Id.

Under Arkansas's bright line standard of strict compliance, it appears that the summonses at issue in this case are defective and, consequently, service has not been perfected. The summonses contain several response times, one of which is incorrectly stated, and do not comply with Arkansas Rule of Civil Procedure 4(b).

Thus, Plaintiffs' claim that Defendants failed to timely remove this matter is without merit, as the thirty-day time-frame for removal set forth in 28 U.S.C. § 1446(b) is triggered by simultaneous service of the summons and complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 1327 (1999). Mere receipt of the complaint unattended by any formal service will not commence the thirty-day removal period. Id. As the summonses at issue are defective, the Court finds that this is an instance where the complaint was served upon Defendants, unattended by any formal service sufficient to trigger 28 U.S.C. § 1446(b).

In view of the foregoing, the Court finds that this case was properly removed, and Plaintiffs' motion to remand should be denied.

8. Plaintiffs' motion for default judgment is also without merit, as it cannot be the case that Defendants failed to timely file their responsive pleading.  Where a defendant was never properly served, they consequently have no obligation to file an answer. Id. ("the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights"); see also Norsyn, Inc. v. R.M. Desai, 351 F.3d 825, 830 (8th Cir. 2003).

Similarly, Plaintiffs' motion to strike answer should be denied, as the basis for this motion is Plaintiffs' contention that Defendants failed to timely file their responsive pleading.  As service has yet to be perfected, the Court will not strike Defendants' answer on the grounds of untimeliness.

9. In view of the foregoing, the Court finds that, pursuant to 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m), Plaintiffs should be given 30 days to correct the summonses issued to Defendants and perfect service. See 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which ... service has not been perfected prior to removal, or in which process served proves to be defective, such process may be completed or new process issued in the same manner

as in cases originally filed in such district court."). Failure by Plaintiffs to perfect service during this time may result in the instant case being dismissed without prejudice under Federal Rule of Civil Procedure Rule 41(b).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' **Motion to Remand, or Alternatively, Motion for Entry of Default** (document #6) and **Motion to Strike Answer** (document #8) should be, and they hereby are, **denied.**

**IT IS FURTHER ORDERED** that Plaintiffs shall have thirty (30) days from the date of this Order within which to correct the defective summonses and perfect service in this matter.  Failure of Plaintiffs to do so may result in this case being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**