```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

CHARKOMA RESOURCES, LLC,
HARL SCHOEPPE, AND
CHARLES E. STILL                                        PLAINTIFFS

         v.             Civil No. 09-02118

JB ENERGY EXPLORATIONS, LLC,
KEELER INVESTMENT GROUP, LLC,
BRUCE KEELER, AND
ELAINE KEELER                                           DEFENDANTS

### O R D E R

NOW on this 8th day of December 2009, comes on for consideration Plaintiffs' **Motion for Reconsideration and Relief from Order** (document #20), to which no response has been filed by Defendants. The Court, having reviewed all matters of relevance before it, and being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The motion for reconsideration presently before the Court seeks relief from the Court's Order of December 19, 2009 (document #17), wherein the Court denied the Motion to Remand (document #6) filed by Plaintiffs Charkoma Resources, LLC, Harl Schoeppe, and Charles Still ("Plaintiffs"). In Plaintiffs' motion to remand, they argued that Defendants JB Energy Explorations, LLC, Keeler Investment Group, LLC, Bruce Keeler, and Elaine Keeler ("Defendants") failed to timely remove this matter to federal court

and, as a result, remand is proper.  In denying Plaintiffs' motion, the Court found that service upon Defendants had not yet been perfected -- as the summonses served by Plaintiffs were defective. Specifically, the Court noted that the summonses contained several possible response times, one of which was incorrectly stated in contravention of Arkansas Rule of Civil Procedure 4(b).

Consequently, the Court held that removal was not untimely, because the thirty-day time-frame for removal set forth in 28 U.S.C. § 1446(b) is triggered by simultaneous service of the summons and complaint.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S.Ct. 1322, 1327 (1999).  Mere receipt of the complaint unattended by any formal service does not commence the thirty-day removal period. Id.

Plaintiffs now argue that the Court erred in determining that the form of their summonses did not comply with Arkansas Rule of Civil Procedure 4(b).  Plaintiffs say that the summonses correctly informed Defendants of their respective response times as out-of-state parties, and the error in the summonses was, in effect, harmless.

2. Arkansas Rule of Civil Procedure 4(b) mandates the form and substance of the summons as follows:

> (b) Form. The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise, the address of the plaintiff; and the time within which these rules

      require the defendant to appear, file a pleading, and
      defend and shall notify him that in case of his failure to
      do so, judgment by default may be entered against him for
      the relief demanded in the complaint.

Ark. R. Civ. P. 4(b).

Moreover, the Supreme Court of Arkansas has adopted an "Official Form of Summons," "for use in all case in which personal service is to be had pursuant to Rule 4(c), (d), and (e) of the Arkansas Rules of Civil Procedure." In re Implementation of Amend. 80: Amendments to Rules of Civ. Proc., 345 Ark. Appx. 606, 611 (2001). Subpart 2.B. of this official form directs that the following language appear in a summons regarding the defending parties' time for filing a responsive pleading: "It must be filed in the court clerk's office within _____ days from the day you were served with this summons."

In the instant case, the summonses in question stated, in pertinent part, that an answer or responsive pleading:

      must be filed in the court clerk's office within TWENTY
      (20) days from the day you were served with this summons;
      OR within THIRTY (30) days if you are a non-resident of
      this state or a person incarcerated in any jail,
      penitentiary, or other correctional facility in this state.

The defect at issue in the above language is the statement by Plaintiffs that a person incarcerated in any jail, penitentiary, or other correctional facility in Arkansas has thirty days to file their responsive pleading. The correct response time for such parties is, in fact, sixty days. See Ark. R. Civ. P. 12(a). Furthermore, while the official form anticipates that a plaintiff

-3-

will fill-in-the-blank with the single response time that is applicable to a particular defendant, Plaintiffs in this case listed several options.

3. In arguing that, despite the misstatement of law in their summonses, they complied with the form set forth in Arkansas Rule of Civil Procedure 4(b), Plaintiffs cite to Nucor Corporation v. Kilman for the proposition that a literal application of the requirements of Rule 4(b) which "leads to absurd consequences should be rejected where an alternative interpretation effects the statute's purpose." Nucor Corporation v. Kilman, 186 S.W.3d 720, 729 (Ark. 2004). Plaintiffs argue that because Defendants were notified of this lawsuit and the thirty days within which they, as out-of-state defendants, were required to file responsive pleadings, the summonses were adequate and that, to conclude otherwise, leads to the sort of absurd consequences discusses by the court in Nucor.

In Nucor, the Arkansas Supreme Court assessed the requirement in Rule 4(b) that a summons "contain the names of the parties." Specifically, the court considered the sufficiency of a summons, directed to defendant Nucor Corp., which correctly named and identified that particular party, but failed to specifically name the remaining defendants -- referring to them as "et al." The court stated that a literal interpretation of the requirement that a summons "contain the names of the parties" would require a

listing of every plaintiff and every defendant on every summons, no matter how many plaintiffs and defendants are parties to the case. The court rejected this onerous interpretation of Rule 4(b) and noted that Nucor Corp., the party at issue, was correctly identified in the summons served upon it.

Similarly, the Arkansas Supreme Court also rejected the argument proffered by Nucor Corp. that the summons was flawed because it was signed by a deputy clerk. Rule 4(b) requires the signature of the clerk of the court on a summons. Nucor Corp. argued that this requirement foreclosed the signature of the deputy clerk and invalidated the summons at issue. In rejecting this argument, the court held that to require the clerk of the court to personally sign each summons issued by the court is an interpretation of Rule 4(b) that would produce an absurd result. See id. at 729. The court, therefore, concluded that the deputy clerk's signature on the summons satisfied the requirements of Rule 4(b). Id.

4. In the instant case, the Court does not believe that requiring Plaintiffs to correctly state the response times clearly set forth in Arkansas Rule of Civil Procedure 12(a) leads to an absurd result or defies common sense. This case differs from Nucor in that neither Plaintiffs nor any of the parties involved are being tasked with untenable or unreasonable burdens as a result of this Court's holding that the summonses were defective. Rather,

Plaintiffs are simply expected to accurately state the procedural rules as set forth in Arkansas Rule of Civil Procedure 4(b) and 12(a).

Moreover, while the point argued by Plaintiffs -- that Defendants were aware of their thirty-day response time and were not prejudiced by the error in the summonses -- is well taken, the fact that they suffered no prejudice as a result of Plaintiffs' error does not save the defective summonses at issue. In a recent Arkansas Supreme Court case, Trusclair v. McGowan Working Partners, the court examined a summons where the plaintiff incorrectly stated that the defendant had only twenty days from the date of service to answer the complaint -- when, in fact, the defendant had thirty days. Trusclair v. McGowan Working Partners, 2009 Ark. 203, 2009 WL 1026743 (Ark. 2009). The defendant filed its answer within twenty days and, as argued by the plaintiff, no prejudice was suffered as a result of the error.

In holding that the plaintiff did not accomplish valid service of process, due to the defective summons and misstated deadline, the court reiterated the well-settled law in Arkansas that,

> the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements *must be exact*. *Actual knowledge of a proceeding does not validate defective process* ... We have made it clear in a long line of cases that compliance with Rule 4(b) must be exact. The bright line standard of strict compliance permits certainty in the law; whereas, a substantial compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due process requirements of the Arkansas and U.S. Constitutions

have been met.

Id. (internal citations omitted) (emphasis added).

In the instant case, the Court believes that to delve into questions of whether the misstatement of law in the summonses was prejudicial or whether the summonses substantially complied with Rule 4(b) would lead to the very ad hoc analysis the Arkansas Supreme Court warned against in Trusclair. This Court does not think it appropriate to open the door to questions of when and under what circumstances a clear misstatement of a procedural rule is appropriate. The strict compliance standard set forth in well-established Arkansas law forecloses such a case-by-case analysis.

5. In view of the foregoing, the Court concludes that none of the circumstances which would warrant granting Plaintiffs' motion for reconsideration are present here. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) (holding that motions for reconsideration are considered Rule 60(b) motions when directed at non-final orders); see also Fed. R. Civ. P. 60(b)(1)-(2) (authorizing a court to grant relief from an order for reasons such as mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' **Motion for Reconsideration and Relief from Order** (document #20) should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

                                        **/s/ Jimm Larry Hendren**
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**